UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CAPITOL RECORDS, INC., SONY BMG
MUSIC ENTERTAINMENT, BMG MUSIC,
ARISTA RECORDS, LLC, and UMG
RECORDINGS, INC.,

                                      Case Number 06-10695
         Plaintiffs,           Honorable David M. Lawson

v.

CLARENCE HILLIARD,

         Defendant.
_____/

**ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT,
STATUTORY DAMAGES, PERMANENT INJUNCTION, AND COSTS**

This matter is before the Court on the plaintiffs' motion for default judgment against the defendant. On August 4, 2006, the clerk of court entered a default against the defendant for failure to answer or otherwise defend against the allegations in the plaintiffs' complaint. The defendant has never appeared in this action. The plaintiffs request that a judgment be entered finding the defendant liable, awarding the minimum statutory damages and costs and attorneys' fees, and entering an injunction.

The plaintiffs complaint alleged that the defendant "has used, and continues to use, an online media distribution system to download the Copyrighted Recordings, to distribute the Copyrighted Recordings to the public, and/or to make the Copyrighted Recordings available for distribution to others." Compl. at ¶ 13. The Copyrighted Recordings at issue are "Where the Blacktop Ends," "How Do I Get There," "Nas is Like," "Lately," "You Don't Have to Call," "Carrying Your Love with Me," "Party Up," "I'm Already There," "Whenever You Call," "Kiss the Rain," and "Black or White." Compl. Ex. A. The plaintiffs' complaint also alleges that the defendant "is causing and,

unless enjoined and restrained by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money." Compl. at ¶ 17. The Court finds that the defendant "has failed to plead or otherwise defend" this action, Fed. R. Civ. P. 55(a), and therefore the material allegations of the complaint are deemed admitted. "[N]either an evidentiary hearing nor oral argument is needed on any aspect of Plaintiffs' motion." *Disney Enterprises v. Farmer*, 427 F. Supp. 2d 807, 814 (E.D. Tenn. 2006).

The Copyright Act permits plaintiffs to chose between actual damages and statutory damages. The plaintiffs request the minimum statutory damages provided by section 504 of the Copyright Act for each of the ten infringements alleged in the complaint. Section 504(c)(1) sets the minimum statutory damages at $750 per infringement. 17 U.S.C. § 504(c)(1). Under the statute, the plaintiffs are not required to prove actual damages. "[A] plaintiff may recover statutory damages 'whether or not there is adequate evidence of the actual damages suffered by the plaintiff or of the profits reaped by defendant.'" *Disney Enterprises v. Farmer*, 427 F. Supp. 2d 807, 816 (E.D. Tenn. 2006) (quoting *Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1337 (9th Cir., 1990)). The plaintiffs are entitled to $8,250.00 in statutory damages for the eleven acts of infringement.

The plaintiffs also seek a permanent injunction to prevent further infringement by the defendant. The issuance of such an injunction is at the Court's discretion, but "permanent injunctions are typically granted in situations involving unlawful infringement of copyrights in musical compositions 'because of the strong probability that unlawful performances of other copyrighted material will occur.'" *Disney Enterprises v. Farmer*, 427 F. Supp. 2d 807, 819 (E.D. Tenn. 2006) (quoting *Sailor Music v. IML Corp.*, 867 F. Supp. 565, 570 (E.D. Mich. 1994)). The plaintiffs' request for a permanent injunction will therefore be granted.

Finally, the plaintiffs request costs of the suit in the amount of $256.08. The plaintiffs have submitted the affidavit of Matthew E. Krichbaum, swearing to the amount of costs. The Copyright Act authorizes such costs, to be awarded in the Court's discretion. 17 U.S.C. § 505. The Court finds that such costs are appropriate.

Accordingly, it is **ORDERED** that the plaintiffs' motion for default judgment, permanent injunction, and costs [dkt # 8] is **GRANTED**.

It is further **ORDERED** that the plaintiffs shall serve a copy of this order and the judgment entered on this date on the defendant by personal service on or before **August 30, 2006.**

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: August 23, 2006

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 23, 2006.

s/Tracy A. Jacobs  
TRACY A. JACOBS

---